WILLIAM YOUNG v. JONATHAN BILDERBACK.

On a bill filed by an heir, to avoid the deed of his ancestor, it is necessary that all the heirs of the grantor should be parties to the bill.

THIS bill is filed to set aside and declare null and void a deed from William Young, the father of complainant, to Jonathan Bilderback, dated January twentieth, 1773; which deed, it is alleged, has been fraudulently altered, so as to give to the grantee an estate in fee instead of an estate for life. The defendant is a son of the grantee, and claims title through his father. The complainant is an heir at law of William Young, the grantor. The bill sets out, that William Young, the grantor, died on the twelfth of March, 1798, leaving two children, viz. James the eldest son, and William the complainant, his heirs at law.

To this bill the defendant demurred; assigning as a ground of demurrer, that James Young is not made a party to the bill, although equally interested in the subject matter of the suit.

*W. Halsted,* for complainant.

*A. L. Eakin,* for defendant.

THE CHANCELLOR. The demurrer is well taken. The general rule in equity is, that all persons having an interest in the subject matter must be made parties. The complainant seeks to set aside a deed on the ground of a fraudulent alteration affecting the title. James Young is owner of a moiety of the property included in the deed; and if the conveyance is set aside or established, the decree will affect the whole property, and not a part only. The whole title is before the court, and all persons interested in it, and on whose rights the decree may operate, should be here also: *Cooper's Eq. Pleading,* 36; *Harding* v. *Handy,* 11 *Wheaton,* 103.

Demurrer allowed, with liberty to the complainant to amend his bill on payment of costs.